J. C. Penney Co., Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 2, 1983, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Albert J. Tomalis, Jr., Keefer, Wood, Allen & Rahal,* for petitioner.

*William J. Kennedy,* with him *James K. Bradley,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, March 9, 1983:

J. C. Penney Company, Inc. (Penney) appeals several orders of the Unemployment Compensation Board of Review (Board) granting benefits to 82 former employees; the court has consolidated these cases for appeal. The board upheld the referee's determination that the claimants had voluntarily quit their jobs with Penney for necessitous and compelling reason and were, therefore, eligible for benefits under section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

In June, 1977, Penney moved the location of the office in which all claimants formerly worked from downtown Philadelphia to Voorhees, New Jersey, a distance of 12 miles. Penney offered each of the claimants continued employment at the new site, but did not provide a pay increase to offset additional travel expenses. The parties have stipulated that all the claimants lived in central Philadelphia or in nearby suburbs, and that commuting from center city Philadelphia to the new office on the available public transit would require a 20-25 minute trip each way and an additional cost of $12 per week. The parties have selected the case of claimant Christine Woods as typical for purposes of this appeal.

The Office of Employment Security awarded benefits to Woods on July 11, 1977, finding she had voluntarily quit with good cause. On October 4, 1977, the referee, after hearing, made the following findings of fact:

(1) The claimant was last employed by J. C. Penney Co. in Philadelphia, Pennsylvania as a

clerk for approximately six months at the final rate of $3.07 per hour. Her last day of work was June 10, 1977.

(2) After the claimant's last day of work, the company moved its base of operation from 625 Walnut Street, center city Philadelphia, to No. 4 Echelon Plaza, Voorhees, New Jersey, a distance of approximately 16 miles.[1]

(3) The claimant was offered continued employment at the new site but declined this offer because of the excessive distance which would have required her to travel 32 additional miles each day to get to work and to get home.

(4) The claimant additionally declined this offer of continued employment due to the added traveling cost of $12 per week for which she would not be reimbursed by the employer.

Because the referee found that the additional travel time and expense would be excessive, he concluded that the claimant had carried her burden of proving that she voluntarily quit for a necessitous and compelling reason and affirmed the decision of the Office of Employment Security awarding benefits to Woods.

After a complicated series of hearings and remands not here at issue, the board issued orders which collectively had the effect of affirming the award of benefits to each of the 82 claimants. In the case of claimant Woods, the board adopted the referee's four findings of fact and added a fifth finding that the appeal by Penney had been timely. The board also adopted the discussion and conclusions of law from the referee's decision and order.

---

[1] The parties have stipulated for purposes of this appeal that the distance from center city Philadelphia to the new office in Voorhees is 12 miles.

Penney argues here that the claimants are ineligible for benefits because they failed to take reasonable steps to overcome their transportation problems before quitting their jobs and that the board erred as a matter of law in concluding that the additional travel time and expense were excessive.[2]

Following our scope of review for this type of case,[3] we are unable to agree with either of these arguments and affirm the board's orders.

"The law is clear that while transportation inconveniences may provide a necessitous and compelling cause for leaving employment, they must be so serious and unreasonable as to present a virtually insurmountable problem, and the claimant must demonstrate that he or she took reasonable steps to remedy or overcome the transportation problems prior to severing the employment relationship."[4]

Penney's argument that claimants failed to take reasonable steps to overcome their problems is not persuasive. Our typical claimant was a clerk earning $3.07 per hour. She had access to one of the largest

---

[2] Penney also argues that the board's determination that claimants had necessitous and compelling reasons for terminating their employment involves a question of law and is, therefore, reviewable by this court. This proposition is well established and requires no elaboration.

[3] "It is now axiomatic . . . that the findings of fact made by the board, or by the Referee as the case may be, are conclusive upon appeal so long as the record, taken as a whole, contains substantial evidence to support those findings. The Appellate Court's duty is to examine the testimony in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony, to see if substantial evidence for the Board's conclusion exists." *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 355, 378 A.2d 829, 831 (1977).

[4] *Lee v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 461, 463, 401 A.2d 12, 13 (1979).

labor markets in the state, metropolitan Philadelphia. Although the unemployment rate was rather high when the claimant quit her job,[5] there was no evidence that she could not have secured another job as a clerk. Additionally, because claimant earned $3.07 per hour, the additional cost of travel to the new office constituted one half of a day's gross pay for her, or approximately 10% of her weekly gross salary. This cost would have been added to the expense claimant already incurred in traveling from her home to the downtown Philadelphia office.

A claimant need only take reasonable steps to overcome a transportation problem. There is evidence in the record that these claimants were acquainted with the possible forms of transportation. Penney provided information about the available means, and several of the claimants did explore the alternatives. Penney points out in its brief that some rode the highspeed line, drove to the new office, or attempted to form carpools. However, each of the claimants found the alternatives to be unworkable.

In each case we must closely examine all of the circumstances in order to determine what behavior will constitute "reasonable steps" on the part of the claimant. A person need not actually spend an additional 10% of a weekly salary in transportation costs in order to determine that the expenditure is not economically feasible. Under the circumstances of this case, we will not disturb the board's conclusion that claimants carried their burden of proving a necessitous and compelling cause for leaving their employment.

Penney next contends that the board erred as a matter of law in concluding that the additional time

---

[5] The parties have stipulated that the unemployment rate in the Philadelphia metropolitan area during June, 1977 was 10.1%.

450

and expense were excessive. In support of this contention, Penney argues that because the claimants who were full-time employees would have recouped the extra expense though future annual raises, the added cost was not excessive. A raise in pay normally represents an increase in useable income to the employee. It supplies extra money to offset the effect of inflation, to add to savings, or to do whatever the employee chooses. When the increase in pay is consumed by an expense imposed by the employer, the employee has no additional spendable income and the net effect is no raise at all. The fortuity that many of these claimants would have received pay raises in the future does not, as a matter of law, compel the conclusion that the board's finding was unsupported by the evidence.

Although the board's brief refers us to the recent decision of our Supreme Court in *Treon v. Unemployment Compensation Board of Review,*  Pa.   , 453 A.2d 960 (1982), we have not found that holding to be applicable here. The actual problem in that case was the necessity that an employee relocate his residence in order to be available for work of a brief duration; in contrast, the present case involves the daily commuting difficulties which the claimants encountered.

Accordingly, we affirm the orders of the board.

ORDER IN 1636-1656 C.D. 1979

Now, March 9, 1983, the order of the Unemployment Compensation Board of Review at B-168755-B, dated July 5, 1979, is affirmed.

ORDER IN 1664 C.D. 1979

Now, March 9, 1983, the order of the Unemployment Compensation Board of Review at B-150639, dated October 31, 1977, is affirmed.

ORDER IN 1768 C.D. 1980

Now, March 9, 1983, the order of the Unemployment Compensation Board of Review at B-168755-C, dated June 30, 1980, is affirmed.