Joan D. Latzy, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 20, 1984, before Judges CRAIG and PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*Howard L. Rubenfield,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, February 8, 1985:

Joan D. Latzy (Claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) reversing a decision of the referee and declaring Claimant ineligible for unemployment compensation for voluntarily leaving work without

cause of a necessitous and compelling nature pursuant to Section 402(b)(1) of the Unemployment Compensation Law (Law).[1] We affirm.

The facts, as found by the Board, are not in dispute. Claimant was employed as a Clerk-Typist II by the Commonwealth of Pennsylvania, Department of Revenue (Department) for approximately ten years. In February, 1982, the Department notified Claimant that she would be furloughed on March 18, 1982. The Department subsequently extended her furlough date to May 13, 1982. On April 26, 1982, pursuant to the seniority provision in the labor-management agreement between Claimant's union and the Commonwealth, Claimant was offered a Clerk-Typist II position with the Horse Racing Commission at a race track in the Erie area.[2] The offered position was to begin on May 1, 1982 and extend through October 3, 1982. The hours consisted of two shifts, 9:00 AM to 5:00 PM and 2:00 P.M. to 10:00 PM, which alternated on a weekly basis. Claimant rejected the offer because of transportation difficulties on the days when she would have to work the 2:00 PM to 10:00 PM shift. Claimant did not have access to her family's automobile as it was used by her husband in his employment and there was no public transportation available to the race track. Claimant did not attempt to secure transportation to work with other employees or inquire of her prospective employer as

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1), provides in pertinent part:

[A]n employe shall be ineligible for any week . . .

(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

[2] The race track was located approximately nine miles from Claimant's home.

to the availability of car pools prior to rejecting the offer of employment.

Based on the above facts, the Board concluded that Claimant failed to avail herself of every reasonable means to overcome her transportation difficulties and that she accordingly failed to establish that she terminated her employment for cause of a necessitous and compelling nature. Before this Court, Claimant alleges that the Board erred as a matter of law in reaching this conclusion.[3] We disagree.

A claimant becoming unemployed because of a voluntary termination has the burden of establishing that such termination resulted from cause of a necessitous and compelling nature. *Alexander v. Unemployment Compensation Board of Review,* 67 Pa. Commonwealth Ct. 224, 446 A.2d 991 (1982). For transportation inconveniences to constitute such cause, a claimant must demonstrate that the inconvenience presented an insurmountable problem and that he or she took reasonable steps to remedy or overcome the transportation problems prior to severing the employment relationship. *J. C. Penney Co. v. Unemployment Compensation Board of Review,* 72 Pa. Commonwealth Ct. 445, 457 A.2d 161 (1983).

Claimant argues that she took reasonable steps to overcome her transportation difficulties. Claimant testified before the referee that upon learning that her family's automobile would not be available for her use, she investigated the possibility of public trans-

---

[3] Where, as here, the party with the burden of proof does not prevail before the Board, our scope of review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and whether they can be sustained without a capricious disregard of competent evidence. *Hughes v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 448, 414 A.2d 757 (1980).

portation which, according to Claimant, did not provide service to and from the race track. Claimant further testified that she contacted a local taxi service which would have proven to be too expensive. We believe, however, that Claimant's failure to investigate the possibility of riding to work with other employees and to ask for the Commission's assistance in this regard is not consistent with one desiring to remain employed. We do not believe that Claimant took reasonable steps to overcome her transportation difficulties and therefore conclude that she has not met her burden of proving necessitous and compelling reasons for terminating her employment.

Accordingly, we affirm the order of the Board.

ORDER

AND Now, February 8, 1985, the order of the Unemployment Compensation Board of Review, No. B-213573 dated January 12, 1983, is affirmed.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.