Quality Building Services, Inc., by Charles Strobel, President, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on Briefs February 14, 1985, to President Judge CRUMLISH, JR., Judge ROGERS, and Senior Judge KALISH, sitting as a panel of three.

*Michael A. Johnson, Law Offices of John W. Pollins III,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., July 19, 1985:

Quality Building Services, Inc., appeals an Unemployment Compensation Board of Review order overturning a referee's decision and granting benefits to Martha Gray. We vacate and remand.

Quality provides janitorial services to various businesses. Gray worked part-time for Quality at a job site in Latrobe. Quality lost the contract with its Latrobe client. The referee and Board found that Gray was offered similar work at an Irwin site but refused it because Irwin is twenty miles farther from her home than Latrobe. The referee also found that Gray had refused an offer to work for Quality at another site because it was eight miles farther from her home than Latrobe; the Board made no mention of this offer in its decision. The referee concluded that Gray was ineligible for benefits under Section 402(b) of the Unemployment Compensation Law (Act),[1] de-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

termining that she had voluntarily quit her employment without cause of a necessitous and compelling nature. The Board reversed.[2]

Quality contends that the Board erred by concluding that Gray demonstrated necessitous and compelling cause for voluntarily terminating her employment.[3] Transportation inconvenience may justify a voluntary quit only if it presents an insurmountable barrier to further employment despite an employee's reasonable efforts to remedy it. *Frable v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 137, 416 A.2d 1164 (1980). The Board concluded that the requirement to commute an additional forty miles per day round trip to Irwin constituted necessitous and compelling cause for Gray terminating her employment.

The Board cites *J.C. Penney Co. v. Unemployment Compensation Board of Review,* 72 Pa. Commonwealth Ct. 445, 457 A.2d 161 (1983), to support its conclusion. We held in *J.C. Penney* that additional commuting distance caused by an employer's relocation supplied necessitous and compelling cause for voluntary termination. In that case the Board had found that an additional daily commute of thirty-two miles would add $12 to the test claimant's weekly traveling costs

[2] The Board also reversed the referee's conclusion that Gray was liable for a non-fault overpayment pursuant to Section 804(b) of the Act, 43 P.S. §874(b), based upon its conclusion that she was entitled to the benefits received.

[3] Quality further argues that the Board erred by ruling that Section 402(a) of the Act, 43 P.S. §802(a), was not applicable. This argument is without merit. In *Hospital Service Association of Northeastern Pennsylvania v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 165, 476 A.2d 516 (1984), we held that Section 402(a)'s coverage is limited to claimants who decline to accept suitable employment *after they become unemployed.* Employees who refuse their employer's offer of suitable *continued* employment are governed by Section 402(b). *Id.*

and that this additional expense would not be reimbursed by the employer.[4] Here, the Board failed to make findings regarding additional traveling expense or reimbursement. The Board may not rely solely upon a claimant's bare assertion that an increased commuting distance is overly burdensome. It must carefully examine and make findings on all of the circumstances essential to determining whether an increased commuting distance is an insurmountable obstacle to continued employment and whether the claimant took reasonable measures to overcome this difficulty. These circumstances include, but need not be limited to, (1) the increased traveling time resulting from the longer commute, (2) the additional expense generated by it, (3) whether the claimant sought reimbursement from the employer for this additional expense, and (4) whether the claimant explored alternative means of transportation to the new work site. It is, of course, conceivable that an excessively long commuting distance may, in and of itself, be determinative.[5] The Board also inexplicably failed to find whether Quality offered Gray employment at a site that would have added only sixteen miles to her total daily commute. We must therefore hold that the Board omitted findings essential to determining the insurmountability of Gray's commuting difficulties and the reasonableness of her decision to quit.

---

[4] We noted that this increased expense would represent ten percent of the test claimant's weekly gross salary. Also, there was record evidence that some of the claimants explored alternative means of transportation to the employer's new location before they quit.

[5] For example, our Supreme Court has held that a required commute of over 300 miles round trip supplied cause of a necessitous and compelling nature for a voluntary termination. *Treon v. Unemployment Compensation Board of Review*, 499 Pa. 455, 453 A.2d 960 (1982).

The Board must make all findings of fact necessary to resolve the relevant issues raised in a claim. *Cicco v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 309, 432 A.2d 1162 (1981). This Court cannot infer from the absence of certain findings that they were resolved in favor of the party prevailing below. *Wincek v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 237, 412 A.2d 699 (1980). Therefore, we must remand for the Board to make the requisite findings. *Kostek v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 271, 392 A.2d 909 (1978).

We vacate the Board's order, and we remand this case for additional findings of fact consistent with this opinion.

### Order

The order of the Unemployment Compensation Board of Review, No. B-219300 dated June 28, 1983, is vacated, and this case is remanded to the Board for additional findings of fact consistent with the foregoing opinion.

Jurisdiction relinquished.