520 A.2d 107

Josephine Love, Petitioner *v.* Commonwealth
of Pennsylvania, Unemployment Compensation
Board of Review, Respondent

Submitted on briefs October 28, 1986, to Judges
CRAIG and PALLADINO, and Senior Judge BARBIERI, sit-
ting as a panel of three.

*Carol Kowall,* for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clif-
ford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, January 20, 1987:

The claimant, Josephine Love, appeals from an order of the Unemployment Compensation Board of Review which denied her benefits under section 402(b) of the Unemployment Compensation Law[1] because she allegedly terminated her employment without a necessitous and compelling cause. We reverse.

According to the board's findings of fact, the claimant worked at the Kane Regional Center in Pittsburgh as a food service worker at $5.00 per hour until October, 1983. From October to December, 1983, the claimant was ill and could not work. In her absence, the employer transferred her position to a new facility. The claimant did not report to work at the new facility because she could not find adequate transportation.

The Office of Employment Security issued a determination denying benefits to the claimant under section 402(b) of the Law. The referee dismissed the claimant's appeal on procedural grounds; the board, however, addressed the merits of the claimant's appeal and affirmed the determination of the Office of Employment Security. The board recognized that transportation difficulties may constitute a necessitous and compelling reason to leave employment if the difficulties prove to be virtually insurmountable. The board concluded, however, that the claimant had not met her burden of proving virtually insurmountable transportation difficulties in this case.

The claimant testified at the referee's hearing that she cannot drive and must rely on public transportation. The claimant also introduced into evidence bus schedules for the routes she would have to take in order to commute to the new work site. According to the

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

schedules, and the claimant's testimony, the claimant would have to commute approximately three hours daily to the new work site. In addition, the morning bus schedule would cause her to be fifteen minutes late for work.

In *Quality Building Services, Inc. v. Unemployment Compensation Board of Review*, 90 Pa. Commonwealth Ct. 495, 498 A.2d 1 (1985), this court outlined the board's considerations in determining whether an increased commuting distance presents a virtually insurmountable transportation problem, thus constituting a necessitous and compelling reason to terminate employment:

> [The board] must carefully examine and make findings on all the circumstances essential to determining whether increased commuting distance is an insurmountable obstacle to continued employment and whether the claimant took reasonable measures to overcome this difficulty. These circumstances include, but need not be limited to, (1) the increased traveling time resulting from the longer commute, (2) the additional expense generated by it, (3) whether the claimant sought reimbursement from the employer for this additional expense, and (4) whether the claimant explored alternative means of transportation to the work site. It is, of course, conceivable that an excessively long commuting distance may, in and of itself, be determinative.

90 Pa. Commonwealth Ct. at 498, 498 A.2d at 3.

The question presented is whether an employer's transfer of a claimant's work site from a location close to the claimant's home to a location requiring three hours of traveling daily for $5.00 hourly pay constitutes a necessitous and compelling reason for the claimant to terminate her employment.

Traditionally, this court has balanced the increased traveling time and distance requirements against the compensation level and requirements of the job in question in determining whether transportation difficulties are "virtually insurmountable." *J. C. Penney Co., Inc. v. Unemployment Compensation Board of Review,* 72 Pa. Commonwealth Ct. 445, 457 A.2d 161 (1983).

With respect to the foregoing standard, the only pertinent finding of fact by the board consists of a portion of Finding No. 5 stating, as to the claimant, that "she could have found public transportation." Of course, the mere fact that public transportation exists between home and the workplace does not address the question of whether transportation problems exist and, if so, whether they are virtually insurmountable.

However, in its discussion, the board added that it was not convinced that this claimant's transportation difficulties were virtually insurmountable. Scrutiny of the record, as recited above, leads to a determination that substantial evidentiary support for such a finding is not present. From a work location only a few minutes away from the claimant's home in the southerly part of Allegheny County, her workplace was changed to one in the northerly part, on the opposite side of Pittsburgh. The significant record evidence as to public transportation consists chiefly of bus schedules which establish that, for a timely arrival at work, the claimant would have to spend four hours commuting each day. Although the claimant, who does not drive, testified that she sought a van-pool alternative, that did not become available. The public transportation, upon which she must rely, cannot efficiently deliver her to work on time in the morning or deliver her home at night within a reasonable commuting time for her comparatively low compensation rate.

In *J. C. Penney,* this court affirmed the board's finding that an employer's relocation to a site sixteen miles

farther away created an excessive commuting distance for a group of employees in light of their $3.07 per hour salaries. Conversely, in *Shaw v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 452, 406 A.2d 608 (1979), this court concluded that a 200-mile round trip commute was not unreasonable for a job which paid $11.10 per hour and which claimant had initially accepted by working at the new location for some time.

Hence, we conclude that the employer's transfer of the claimant to a new work site, increasing her commuting time to the equivalent of a half work-day, constituted a necessitous and compelling cause to terminate her employment. We therefore reverse the board's decision.

ORDER

Now, January 20, 1987, the order of the Unemployment Compensation Board of Review, Decision No. B-236692, dated December 11, 1984, is reversed.