552 A.2d 727

Antowyne D. Charles, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 11, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Anne P. Felker,* for petitioner.

*Gary L. Kelley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, January 4, 1989:

Antowyne D. Charles (Petitioner) appeals an order of the Unemployment Compensation Board of Review (Board) reversing the decision of a referee to award him unemployment compensation benefits. We affirm.

Petitioner was employed by Rotondo Penn Construction Company (Employer) as a concrete panel repairman from August 1986 to February 1, 1987. His job site was approximately forty-five (45) miles from his home and he used his car to get there. About three weeks prior to his last day of work, Petitioner requested that Employer lay him off because his car was gradually breaking down and he needed time to repair it, but Employer refused to do so. Petitioner testified that company policy specifically provides that if an employee is absent more than three days without a medical excuse, he will be terminated. Notes of Testimony at 5. When Petitioner's car became inoperable, he telephoned Employer on three consecutive work days to report off and to notify Employer of his car problems. On the third day, Petitioner quit.

The Office of Employment Security (OES) denied benefits and, on appeal, a referee, before whom only

Petitioner testified, granted benefits. On Employer's appeal, the Board reversed the referee's award and denied benefits.[1]

On appeal to this court, Petitioner presents two issues for our review: (1) whether the Board committed an error of law in concluding that Petitioner voluntarily terminated his employment; and (2) if Petitioner voluntarily terminated his employment, whether the Board erred in determining that he lacked cause of a necessitous and compelling nature for doing so.

## VOLUNTARY QUIT

Petitioner first contends that the Board erred in finding him ineligible for benefits under section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b). Section 402(b) renders ineligible for benefits an employee who voluntarily terminates his employment without cause of a necessitous and compelling nature. In a voluntary quit case, this court must first determine whether the facts surrounding Petitioner's separation from employment constitute a voluntary resignation or a discharge. *Maines v. Unemployment Compensation Board of Review*, 110 Pa. Commonwealth Ct. 601, 532 A.2d 1248 (1987). This is a question of law subject to our review. *Id.*

---

[1] We note that the Board may reverse a referee's decision concerning the award of benefits, even if the referee's decision is based upon consistent and uncontradicted testimony, when the Board sets forth its reasons for reversal or the reasons for reversal are clear from the record. *Office of Attorney General v. Unemployment Compensation Board of Review*, 111 Pa. Commonwealth Ct. 187, 533 A.2d 1087 (1987). Based upon our review of the Board's decision in conjunction with the findings and conclusions made by the referee in this case, we conclude that the Board's reversal of the referee falls within the former category.

Petitioner does not dispute that he quit. N.T. at 5-6. However, Petitioner contends that he only quit to avoid being fired pursuant to Employer's policy of discharging employees absent more than three days without a doctor's excuse. Petitioner assets that when he requested a layoff, Employer's manager "told me that there is nothing, there is no way that he could do anything for me, he said the only thing that I could do was take three days off and get fired." N.T. at 5. Petitioner argues that Employer's manager's statement amounted to a discharge.

An employer's language must possess the immediacy and finality of a firing in order for that language to be interpreted as a discharge. *Sweigart v. Umemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 421, 408 A.2d 561 (1979). Where an employee, without action by the employer, leaves or quits work, the employee's action is considered voluntary under the Law. *Roberts v. Unemploymesnt Compensation Board of Review*, 61 Pa. Commonwealth Ct. 21, 432 A.2d 646 (1981).

Given this test, we cannot conclude that Employer's language in this case possessed the immediacy and finality of a discharge. Employer's statement of company policy did not compel Petitioner to leave his job. Nor did Petitioner wait to find out if Employer would actually fire him when he telephoned the third time to notify Employer of his car troubles before he quit. Where an employee resigns in order to avoid the chance of being fired, that employee is deemed to have voluntarily quit. *Scott v. Unemployment Compensation Board of Review*, 63 Pa. Commonwealth Ct. 346, 437 A.2d 1304 (1981). Thus, the Board properly determined that Petitioner voluntarily terminated his employment.

## CAUSE OF NECESSITOUS AND COMPELLING NATURE

Petitioner next contends that if the Board correctly determined that he quit voluntarily, the Board erred in concluding that he lacked cause of a necessitous and compelling nature to leave his employment. Petitioner asserts that his transportation difficulties constituted such cause as to entitle him to benefits under the Law.

Initially, we note that an employee who voluntarily terminates his employment bears the burden of establishing that such termination resulted from cause of a necessitous and compelling nature. *Latzy v. Unemployment Compensation Board of Review,* 87 Pa. Commonwealth Ct. 432, 487 A.2d 121 (1985). Petitioner would have us find that he quit for cause of a necessitous and compelling nature simply because his car broke down and he needed time to repair it. We will not so hold. This court has in prior cases, where the employer's actions caused an employee's transportation inconvenience, considered whether such inconvenience constitutes cause of a necessitous and compelling nature to quit. In those cases, we held that for transportation inconvenience to constitute such cause, the employee must establish (1) that the inconvenience presented an insurmountable problem and (2) that he took reasonable steps to remedy or overcome the problem prior to terminating employment. *Latzy; J.C. Penney Co., Inc. v. Unemployment Compensation Board of Review,* 72 Pa. Commonwealth Ct. 445, 457 A.2d 161 (1983).

The employer in *Latzy* offered a furloughed employee a job with alternating shifts at a different location than her prior position. The employee rejected the job offer, alleging transportation difficulties. We affirmed the Board's denial of benefits on the basis that the employee had not shown that she took reasonable steps to overcome those difficulties. In *J.C. Penney,* the employ-

er moved the location of its office and then offered its employees from the old office jobs at the new site, but did not provide a pay increase to offset the additional travel expenses. We affirmed the Board's award of benefits in *J.C. Penney*, finding that the additional commuting distance and unreimbursed expenses associated with the travel were excessive and thus constituted cause of a necessitous and compelling nature for voluntarily terminating employment. Similarly, we reversed the Board's denial of benefits in *Love v. Unemployment Compensation Board of Review*, 103 Pa. Commonwealth Ct. 247, 520 A.2d 107 (1987). The employer in *Love* transferred the employee's position to a new facility, thereby substantially increasing her commuting time. The employee did not report to the facility because she was unable to drive and public transportation was not available to her. Based upon these facts, we determined that the employee met her burden of proving cause of a necessitous and compelling nature by demonstrating an insurmountable transportation problem.

In the case before us, Petitioner does not allege that Employer created his transportation problem by changing the location of the job site, by altering Petitioner's work hours, or otherwise changing the terms of his employment. Petitioner asserts that his car broke down and that he needed time to repair it. On these facts, we hold as a matter of law that Petitioner has not established cause of a necessitous and compelling nature so as to entitle him to benefits.

Accordingly, we affirm.

ORDER

AND NOW, January 4, 1989, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.