# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ryan L. Babinski,            :
                                         :
                 Petitioner      :
                                         :
              v.                :    No. 585 C.D. 2015
                                         :
Unemployment Compensation      :    Submitted: August 28, 2015
Board of Review,                     :
                                         :
                 Respondent   :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**           **FILED: November 3, 2015**

Ryan L. Babinski (Claimant), pro se, petitions for review of an Order of the Unemployment Compensation (UC) Board of Review (Board) finding Claimant ineligible for UC benefits pursuant to Section 402(b) of the UC Law (Law)[1] because he voluntarily quit his employment with ECS Mid-Atlantic (Employer) without cause of a necessitous and compelling nature. On appeal, Claimant argues that he did not voluntarily quit his employment, but was discharged by Employer,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. § 802(b). Section 402(b) provides that an employee is ineligible for compensation for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." Id.

rendering the findings of fact made by the Board incorrect; therefore, the Board erred in finding him ineligible for UC benefits. Discerning no error, we affirm.

Claimant was employed by Employer as full-time field technician and his final day of employment was May 27, 2014. Claimant filed an application for UC benefits stating that he did not quit his job, but was terminated by Employer because he failed to communicate with his supervisor. (Claimant Questionnaire, R. Item 2; Claimant Record of Oral Interview, R. Item 4.) Employer responded that Claimant voluntarily quit his employment for personal reasons. (Employer Questionnaire, R. Item 3.)

The Erie UC Service Center (Service Center) issued a Notice of Determination finding Claimant ineligible for UC benefits pursuant to Section 402(b) of the Law. The Service Center determined that Claimant voluntarily quit his employment because he initiated the separation. (Notice of Determination, R. Item 5.) The Service Center further determined that Claimant voluntarily quit because Employer would not permit him to take a personal day; however, because Claimant did not show that he exhausted all alternatives prior to quitting, he did not meet his burden of proving that he had a necessitous and compelling reason to voluntarily terminate his employment.

Claimant appealed the Service Center's determination and a telephone hearing ensued before a UC Referee (Referee).[2] Claimant testified on his own

_____

[2] There were three hearings held by the Referee. The first telephone hearing was held on October 27, 2014; however, Claimant did not appear because he did not receive notice of the hearing. Therefore, the Board remanded this matter to the Referee to conduct another hearing.

*(Continued…)*

2

behalf and Employer presented the testimony of its Office Administrator. Based on the evidence presented, the Board made the following relevant findings of fact:

1. The claimant was last employed as a full-time field technician by ECS Mid-Atlantic at a final rate of $10.00 per hour. The claimant worked for the employer for approximately two and a half (2.5) years and his last day of work was May 27, 2014.

2. On May 28, 2014, the head of the department text messaged the claimant stating that he was going to be working on Friday, Saturday and Sunday.

3. The head of [the] department then later sent a text message stating that the claimant would have to work Thursday.

4. The claimant said that he could not work on one of the days between Thursday and Sunday because he had a personal matter that he had to take care of by Sunday.

5. The head of [the] department would not agree to allow the claimant to take a day off any of the days from Thursday to Sunday.

6. The head of the department told the claimant that if he did not report to work on Thursday he was to be fired.

7. The claimant did not report to work on Thursday or call off.

---

(Board Hearing Order, R. Item 15.) The second telephone hearing convened on December 18, 2014 but, due to a poor telephone connection resulting in the Referee not being able to hear Claimant, the Referee continued the hearing to the next day, December 19, 2014. (Hr'g Tr. 2-3, December 18, 2014, R. Item 18.) During the December 19, 2014 telephone hearing, the Referee heard testimony from Claimant as to reasons why he did not receive notice of the October 27, 2014 hearing. (Hr'g Tr. at 8, December 19, 2014, R. Item 21.) The Board found that Claimant's credible testimony "established proper cause for his non-appearance at the" October 27, 2014 hearing. (Board Decision at 2.) Therefore, the Board "considered the evidence and testimony offered by Claimant at the remand hearings held on December 18, and December 19, 2014" in reaching its Decision. (Board Decision at 2.)

3

8. The claimant voluntarily quit his employment because he had a personal matter to take care of on Thursday.

(Board Decision, Findings of Fact (FOF) ¶¶ 1-8.)  The Board found that Claimant voluntarily quit his employment and was not discharged because Employer gave Claimant a choice when Employer informed Claimant "that if he did not report to work on Thursday he would be discharged" and Claimant chose to separate his employment by not reporting for work on Thursday.  (Board Decision at 3.)  The Board determined further that Claimant did not show cause of a necessitous and compelling nature for voluntarily leaving his employment.  The Board pointed out that "[C]laimant testified that he could not work on Thursday due to a personal matter," but he did not provide additional testimony on what the nature of the personal matter was and why he had to attend to this matter "instead of preserving his employment."  (Board Decision at 3.)  Therefore, the Board found that the record did not support the conclusion that Claimant had a necessitous and compelling reason to terminate his employment.  Accordingly, the Board concluded that Claimant was ineligible for UC benefits pursuant to Section 402(b) of the Law.  Claimant now petitions for review of the Board's Order.[3]

---

[3] This Court's scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of facts are supported by substantial evidence.  Johns v. Unemployment Compensation Board of Review, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth.), petition for allowance of appeal denied, 97 A.3d 746 (Pa. 2014).  On review, this Court must examine the record as a whole and consider the testimony "in the light most favorable to the prevailing party, giving that party the benefit of any inferences that can logically and reasonably be drawn from the evidence."  Middletown Township v. Unemployment Compensation Board of Review, 40 A.3d 217, 223 (Pa. Cmwlth. 2012).  If substantial evidence exists to support the Board's findings, then this Court must accept the findings as conclusive, even if there is conflicting testimony or evidence of a contrary conclusion.  Id.; Walsh v. Unemployment Compensation Board of Review, 943 A.2d 363, 368 (Pa. Cmwlth. 2008).

On appeal, Claimant argues that he did not voluntarily quit his job, but instead was discharged by his supervisor on May 28, 2014 via text message because Claimant asked for a day off to attend to a personal matter. Claimant contends that there was no room for negotiation with his supervisor to resolve the situation because his supervisor told Claimant his work schedule was non-negotiable. Claimant asserts that his supervisor just terminated his employment and from that moment on Claimant "acted like a terminated employee and turned in his equipment." (Claimant's Br. at 9.) Claimant contends that is why he did not report to work on Thursday, call off, or voluntarily quit due to a personal matter. As such, Claimant argues, the Board's findings of fact 6, 7, and 8 are incorrect.

The threshold issue in this matter is whether the Board erred by finding that Claimant was not discharged, but voluntarily quit his employment. "In a voluntary quit case, it is the claimant's burden to prove that his separation from employment is involuntary." Bell v. Unemployment Compensation Board of Review, 921 A.2d 23, 26 (Pa. Cmwlth. 2007). "[T]he issue concerning whether a termination of services is a voluntary quit or a discharge is a question of law to be determined by this Court based upon the findings of fact in the record." Torsky v. Unemployment Compensation Board of Review, 474 A.2d 1207, 1209 (Pa. Cmwlth. 1984).

"An employee may assume that he has been discharged even though the employer has not specifically used words such as 'fired' or 'discharged.'" Id. "The inference may be made from other language of equal immediacy and finality." Id. Our Supreme Court has recognized, however, that employees offered a "real choice between alternatives," who still chose to leave, voluntarily quit. Monaco v. Unemployment Compensation Board of Review, 565 A.2d 127, 130

(Pa. 1989). The employer's language cannot rise to the level of a discharge if the employer allows the employee "an opportunity to remain employed" within reasonable employment expectations. Id.

Here, the Board found that Employer "told the claimant that if he did not report to work on Thursday he was to be fired." (FOF ¶ 6.) This finding is based upon Claimant's own testimony. Claimant specifically testified that he was told by his supervisor that he would be fired if he did not report for work on Thursday. (Hr'g Tr. at 10, December 19, 2014, R. Item 21.) In his brief in support of this appeal, Claimant asserts that the Board's finding of fact is not correct because he was flustered by the Referee's questioning resulting in Claimant mistakenly testifying that Employer informed him that he would be terminated if he did not show up for work on Thursday. Claimant contends that the truth is he did not show up for work on Thursday because he was discharged by his supervisor the night before. Although Claimant may now believe that he was mistaken in his testimony, our review is confined to the testimony of record which Claimant provided under oath. In that testimony, Claimant responded to a direct and clear question from the Referee asking Claimant if his supervisor told him that if he did not work on Thursday he would be fired. (Hr'g Tr. at 10.) Claimant testified, "[h]e told me that, yes, if I didn't work Thursday I'd be fired, and I already made my plans." (Hr'g Tr. at 10.) Claimant testified further that "that was the last straw. That was what did it." (Hr'g Tr. at 10.)

Therefore, as testified to by Claimant, Employer's language gave Claimant an opportunity to remain employed by choosing to report to work as directed. However, Claimant chose not to report to work, which constituted a voluntary

termination of his employment. <u>Monaco</u>, 565 A.2d at 130. Accordingly, the Board did not err by finding that, because Claimant "decided to separate his employment by not attending work," he voluntarily quit his employment. (Board Decision at 3.)

Because we conclude that the Board did not err by finding that Claimant voluntarily terminated his employment, we do not find Claimant's argument persuasive that the Board's findings of fact 7 and 8 are incorrect. Claimant's testimony supports finding of fact 7 that he "did not report to work on Thursday or call off." (FOF ¶ 7.) Claimant testified that he did not report for work on Thursday or call Employer. (Hr'g Tr. at 10-11.) Claimant's testimony also supports finding of fact 8 that "[C]laimant voluntarily quit his employment because he had a personal matter to take care of on Thursday." (FOF ¶ 8.) Claimant testified that he had already made plans to take care of a personal matter on Thursday when Employer notified him that he was required to work that day. (Hr'g Tr. at 9.)

We now turn to the issue of whether Claimant had a necessitous and compelling reason to voluntarily quit his employment. Section 402(b) of the Law provides that a claimant is ineligible for compensation if his unemployment is due to voluntarily leaving his employment without cause of a necessitous and compelling nature. 43 P.S. § 802(b). Since Claimant voluntarily left his employment, it was his burden to show that he had cause of a necessitous and compelling nature to do so. <u>Latzy v. Unemployment Compensation Board of Review</u>, 487 A.2d 121, 122 (Pa. Cmwlth. 1985). To satisfy this burden, Claimant must demonstrate that: "(1) circumstances existed which produced real and

7

substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and, (4) the claimant made a reasonable effort to preserve [his] employment." Brunswick Hotel & Conference Center, LLC v. Unemployment Compensation Board of Review, 906 A.2d 657, 660 (Pa. Cmwlth. 2006).

In this matter, Claimant testified that he needed time off to attend to a personal matter. (Hr'g Tr. at 9.) Although Claimant testified that the personal matter was time sensitive, (Hr'g Tr. at 9), he did not offer any explanation as to the nature of the personal matter or why he needed to attend to it immediately instead of reporting to work as directed by Employer. Accordingly, the Board did not err by finding "that the record does not support a conclusion that the claimant had a necessitous and compelling reason to quit." (Board Decision at 3.)

For the foregoing reasons, the Board's Order is affirmed.

_____
**RENÉE COHN JUBELIRER, Judge**

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ryan L. Babinski,

                Petitioner

        v.

Unemployment Compensation
Board of Review,

              Respondent

:
:
:
:
:
:
:
:
:
:
:
:

No. 585 C.D. 2015

# **O R D E R**

   **NOW**, November 3, 2015, the Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is hereby **AFFIRMED**.

                                 _____

                                 **RENÉE COHN JUBELIRER, Judge**