# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Deborah A. Punzo, : 
                Petitioner : 
                : 
             v. : No. 800 C.D. 2016
                : Submitted: February 3, 2017
Unemployment Compensation : 
Board of Review, : 
                Respondent : 

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE JULIA K. HEARTHWAY, Judge
                 HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI               FILED: March 1, 2017

         Deborah A. Punzo (Claimant) petitions for review from the order of the Unemployment Compensation Board of Review (Board) finding her ineligible for unemployment compensation (UC) benefits under Section 402(b) of the Unemployment Compensation Law (Law)[1] because she voluntarily quit without cause of a necessitous and compelling nature. For the reasons that follow, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). Section 402(b) provides, in pertinent part, that "[a]n employe shall be ineligible for compensation for any week . . . (b) [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ."

**I.**

Claimant worked for Wellspan Medical Group (Employer) as a full-time health coach from January 9, 2015, until October 9, 2015. She was paid through an outside grant for the first six months and became an official employee of Employer in July 2015. Upon transitioning to Employer's payroll, Claimant was placed on a 90-day probationary status.

Throughout her probationary status, Claimant was unable to meet performance expectations. On September 28, 2015, Claimant received a letter from Ann Elliott (Supervisor Elliott), her health coach supervisor, informing her that she was not suited for the position of health coach and stating:

> We will extent [sic] your position 26 days from today 9/28/15 to provide time to find another role in Wellspan. Both H[uman] R[esources] and I will assist you with an expectation of completion of this task by 10/23/15. At that point you will be terminated. I believe you are a good representation of the Wellspan core values however the Health Coach role is not a good fit for your skillset.

(Record (R.) Item No. 3 at 5.)

Notwithstanding that she was given until October 23, 2015, to find other employment with Employer, on October 5, 2015, Claimant submitted a resignation letter indicating that her last day of employment would be October 19, 2015. Claimant's letter stated, "[r]egrettably, I am resigning because my orientation process/experience was not favorable/conducive to learning my job well enough to succeed in the position. My hope is to continue my employment

2

within this well-established company." (R. Item No. 11, Exhibit E-1.) However, on October 7, 2015, Claimant submitted a second resignation letter stating that her last day would now be October 9, 2015, because she needed to provide care for her mother.

Claimant filed an initial claim for benefits indicating that Employer told her that she would be discharged if she did not resign. However, she also stated "I resigned on the 9th of October for some unforeseen situation regarding my mother's health." (R. Item No. 2 at 4.) In her Employment Separation Questionnaire, Claimant indicated:

> I would have been terminated on the 24th [sic] of October. I wanted to resign before that date because I have never been terminated from any position. My supervisor was aware of this and understood my stance concerning this. It did honestly happen that my mom needed my assistance because she was having health issues at the time so I resigned on the 9th of October. . . . My supervisor said my position would be ending 10/24/15 [sic]. . . . During this process, I have been applying for other positions within Wellspan but have been turned down. My supervisor sent a letter of recommendation via e-mail regarding these positions. This is the only assistance I received from her.

(R. Item No. 3 at 1.) In its UC Questionnaire, Employer indicated that Claimant voluntarily quit and attached a copy of Claimant's letter in which she stated she was resigning effective October 9, 2015, to care for her mother.

The Altoona UC Service Center (Service Center) determined Claimant was ineligible for benefits under Section 402(b) of the Law. The Service Center found that Claimant quit because she needed to take care of her mother. Claimant appealed, contending that she chose to resign because she was being eliminated from her position on October 23, 2015.

At the hearing, Claimant requested that the Referee decide her eligibility for benefits not as a voluntary quit pursuant to Section 402(b) of the Law, under which the Service Center found her ineligible, but rather under Section 402(e) of the Law dealing with discharge for willful misconduct. Section 402(e) provides, in pertinent part, that "[a]n employe shall be ineligible for compensation for any week . . . (e) [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ." 43 P.S. § 802(e). Employer objected and the Referee denied Claimant's request.

Before the Referee, Claimant testified that in January or February 2015, she had an employee performance review that rated her as "acceptable" and that she worked to the best of her ability in the health coach position. However, in September 2015, Claimant had several conversations with Supervisor Elliott where she was told that her employment was going to be terminated because of her lack of clinical experience. On September 10, 2015, Claimant received an email from Supervisor Elliott indicating that human resources was looking for training and educational opportunities for her but was not aware of any. Supervisor Elliott recommended Claimant look for placement elsewhere in the system outside of the

4

health coach role, perhaps in pediatrics, an area where Claimant had prior experience.

Claimant then testified that she received the September 28, 2015 letter from Supervisor Elliott indicating that her employment would be terminated October 23, 2015, if she did not find another position with Employer. Claimant testified that she applied for several other positions, including maternal infant patient representative, administrative assistant – provider relations, administrative secretary, housekeeping aide, physician billing representative, and rehabilitation medicine technician.[2] Claimant was not accepted for any of these positions.

Claimant testified that she spoke to Supervisor Elliott about wanting to resign before her employment was terminated because she did not want a firing on her employment record. In an email dated September 29, 2015, Supervisor Elliott told Claimant she should resign by October 9, 2015, to provide two weeks' notice. Claimant stated that she wanted to continue working for Employer and would have been available for work after a week of caring for her mother. On cross-examination, Claimant stated that she left her employment prior to October 23, 2015, in order to care for her mother.

---

[2] Claimant applied for the positions of administrative secretary and housekeeping aide on September 12, 2015, and for the positions of physician billing representative and rehabilitation medicine technician on September 18, 2015. She was notified on October 1 and 5, 2015, that she was not selected for the positions of maternal infant patient representative or administrative assistant, respectively.

Julius Pearson (Pearson), Employer's Regional Director of Human Resources, testified that Claimant was not working out in her position of health coach but that Employer was willing to work with Claimant in finding and securing other employment within the company. Pearson testified that Employer gave Claimant a 30-day window in which to apply for other positions, but she elected to only use seven of those 30 days because she did not submit any additional applications for employment with Employer after October 5, 2015.

The Referee affirmed the Service Center's determination. The Referee found that while Claimant's position as a health coach would be terminated on October 23, 2015, Employer stated that it would assist Claimant in finding other employment opportunities within the organization up until the date of her termination. Because Claimant severed the employment relationship on October 9, 2015, even though work was still available to her, and Claimant did not attempt to pursue any further employment within the organization after October 5, 2015, the Referee found that Claimant was ineligible for benefits under Section 402(b) of the Law because she voluntarily quit her employment. Claimant appealed to the Board.

On March 2, 2016, the Board affirmed the Referee's decision finding Claimant ineligible for benefits for voluntarily leaving work under Section 402(b), but only until October 23, 2015. The Board stated that "[b]ecause there was no continuing work available to the [C]laimant after that date because the [E]mployer was terminating the [C]laimant, and there is no indication that the [C]laimant

6

committed willful misconduct, she is eligible for benefits thereafter." (Board's March 2, 2016 Decision at 2.)

On March 22, 2016, the Board issued an order vacating its previous decision due to an error of law. The Board issued a new decision on April 19, 2016, holding that because Claimant had a choice to continue working for Employer if she took steps to secure another position but she declined to do so and, instead, submitted her resignation, her separation was voluntary and Section 402(e) did not apply. Claimant testified that she resigned because she did not want to have a discharge from a job on her record; however, "[r]esigning to avoid the mere possibility of discharge does not constitute necessitous and compelling cause to quit." (Board's April 19, 2016 Decision at 2.) Moreover, Employer gave Claimant approximately a month's notice to apply for other positions within its organization and offered to help her look for another position. As of October 5, 2015, Claimant did not pursue any other positions and did not accept Employer's offer of help. Because Claimant took no steps to preserve her employment, the Board found her ineligible for benefits under Section 402(b). Claimant then filed this petition for review.[3]

---

[3] Our scope of review of the Board's decision is limited to determining whether an error of law was committed, constitutional rights were violated, or necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Rock v. Unemployment Compensation Board of Review*, 6 A.3d 646, 648 n.5 (Pa. Cmwlth. 2010). Whether a claimant's separation from employment is the result of a voluntary resignation or a discharge is a question of law subject to this Court's review and must be determined based upon "the totality of the circumstances surrounding the incident." *Procyson v. Unemployment Compensation Board of Review*, 4 A.3d 1124, 1127 (Pa. Cmwlth. 2010) (citing *Fekos Enterprises v. Unemployment Compensation Board of Review*, 776 A.2d 1018, 1021 (Pa. Cmwlth. 2001)). The claimant bears the burden of proving that her separation from employment **(Footnote continued on next page…)**

## II.

Claimant argues that the Board erred in determining that she voluntarily quit rather than being discharged, claiming that Employer unilaterally decided to end her employment because it felt she was unable to adequately perform her job responsibilities. Instead, Claimant argues that the Board capriciously disregarded substantial evidence of record which proves she submitted her resignation in the face of imminent firing, making Section 402(e) (willful misconduct) rather than Section 402(b) (voluntary quit) of the Law applicable. We disagree for several reasons.

Section 402(e) of the Law which precludes benefits for willful misconduct does not apply. Employer does not contend that Claimant was going to be terminated for willful misconduct, only that she was going to be relieved of her duties as a health coach because she was not a good fit for the duties that the job required. Moreover, Claimant would only be terminated if she did not find another job with Employer by October 23, 2015. If she had continued to work and not found another position with Employer after a good-faith effort to do so by that date, Claimant would have been eligible for unemployment compensation.[4]

---

**(continued…)**

was, in fact, a discharge. *Mathis v. Unemployment Compensation Board of Review*, 64 A.3d 293, 299 (Pa. Cmwlth. 2013).

[4] Because we find that the Board properly analyzed this case under Section 402(b) of the Law, we do not reach Claimant's arguments under Section 402(e) that continuing work was not available to her after October 23, 2015, and that there is no evidence in the record of willful misconduct.

8

As to whether she is ineligible for benefits under Section 402(b) of the Law because she resigned from her employment, we have explained:

> A claimant who resigned under the circumstances indicating only a **possibility** of a discharge is considered to have voluntarily resigned. *Charles v. Unemployment Compensation Board of Review*, [] 552 A.2d 727 ([Pa. Cmwlth.] 1989). However, where the claimant resigned in order to avoid an **imminent** discharge, the Board may properly treat the claimant's separation from employment as a discharge for willful misconduct under Section 402(e) for the purposes of determining an eligibility for unemployment benefits. *Philadelphia Parent Child Center, Inc. v. Unemployment Compensation Board of Review*, [] 403 A.2d 1362 ([Pa. Cmwlth.] 1979).

*Pennsylvania Liquor Control Board v. Unemployment Compensation Board of Review*, 648 A.2d 124, 126 (Pa. Cmwlth. 1994) (emphases added). To be interpreted as a discharge, an employer's language must possess the immediacy and finality of a firing. *Nolan v. Unemployment Compensation Board of Review*, 797 A.2d 1042, 1045 (Pa. Cmwlth. 2002); *Fishel v. Unemployment Compensation Board of Review*, 674 A.2d 770, 772-73 (Pa. Cmwlth. 1996).

Here, the Board found that there was a possibility of discharge because Employer gave Claimant the opportunity to look for and was willing to assist her in obtaining another position with Employer up until October 23, 2015, when she would be discharged. Claimant admittedly did not look for other employment with Employer after October 5, 2015, and the majority of the applications Claimant submitted for other positions were made prior to her receiving Supervisor Elliott's letter on September 28, 2015. It is possible that

9

Claimant could have obtained another position with Employer if she had continued to apply over the next approximately three weeks, especially given the fact that Supervisor Elliott provided her with a recommendation and told her "I believe you are a good representation of the Wellspan core values. . . ." (R. Item No. 3 at 5.) Because there is substantial evidence that Claimant quit work to avoid the possibility of being fired and because she quit before the time period for her to secure a new position with Employer had expired, the Board found that Claimant quit without a necessitous and compelling reason to do so.[5]

        Accordingly, the order of the Board is affirmed.

_____
DAN PELLEGRINI, Senior Judge

---

[5] To show cause of a necessitous and compelling nature in order to be eligible for benefits under Section 402(b), a claimant must demonstrate that: "(1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve her employment." *Brunswick Hotel and Conference Center v. Unemployment Compensation Board of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006) (citing *Fitzgerald v. Unemployment Compensation Board of Review*, 714 A.2d 1126, 1129 (Pa. Cmwlth. 1998)). This Court has consistently held that "an employee who quits work to avoid the possibility of being fired is not entitled to compensation." *Fishel*, 674 A.2d at 772-73. We note that Claimant's brief to the Court does not contain any argument pertaining to the Board's finding that she failed to show cause of a necessitous and compelling nature for quitting her job.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Deborah A. Punzo,                    :
                     Petitioner      :
                                     :
        v.                           :  No. 800 C.D. 2016
                                     :
Unemployment Compensation            :
Board of Review,                     :
                     Respondent      :

**O R D E R**

AND NOW, this 1<u>st</u> day of <u>March</u>, 2017, the order of the Unemployment Compensation Board of Review in the above-captioned matter dated April 19, 2016, at No. B-586974-A, is hereby affirmed.

_____
DAN PELLEGRINI, Senior Judge