IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen Hardnock,                         :
                     Petitioner            :
                                           :
          v.                               :     No. 1729 C.D. 2024
                                           :     Submitted: March 3, 2026
Unemployment Compensation                  :
Board of Review,                           :
                     Respondent            :

BEFORE:    HONORABLE LORI A. DUMAS, Judge
           HONORABLE MATTHEW S. WOLF, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                    FILED: April 8, 2026


          Stephen Hardnock (Claimant), *pro se,* petitions for review of an
adjudication of the Unemployment Compensation Board of Review (Board) denying
his claim for benefits. In doing so, the Board affirmed the decision of the Referee
that Claimant was ineligible for benefits under Section 402(b) of the Unemployment
Compensation Law (Law)[1] because he voluntarily quit his job without cause of a
necessitous and compelling nature. Upon review, we affirm.

          Claimant was employed as a full-time flex supervisor with Sheetz Inc.
(Employer) from June 24, 2022, through June 11, 2023, when he sustained a head
injury after slipping on a wet area. Claimant filed for workers' compensation
benefits, which were denied on August 3, 2023. Employer then placed Claimant on

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b). In
relevant part, Section 402(b) provides that an employee is ineligible for compensation when "his
unemployment is due to voluntarily leaving work without cause of a necessitous and compelling
nature[.]" *Id*.

a medical leave of absence effective August 4, 2023, available for 84 days or longer. On September 15, 2023, Claimant resigned, stating that he could no longer fulfill his position because he was "so far away from all of the stores." Certified Record at 42 (C.R. __).

Claimant then applied for unemployment compensation benefits effective January 28, 2024. At an oral interview by the UC Service Center, Claimant indicated that he had relocated, and Employer's stores were no longer within commuting distance. The UC Service Center granted benefits under Section 402(b) of the Law for the stated reason that Claimant had a necessitous and compelling reason to quit. Employer appealed.

On August 6, 2024, the Referee held a telephone hearing, at which Employer participated and provided the testimony of Amanda Myers, its employee relations administration supervisor. Claimant did not attend the hearing. Myers testified that Claimant resigned while still on medical leave, stating that he "moved out of the district and [could] no longer provide the job with the travel necessary to fulfill his position." Notes of Testimony, 8/6/2024, at 5; C.R. 189. Claimant did not request a transfer to another location.

The Referee reversed the UC Service Center's decision and found that Claimant had failed to prove a necessitous and compelling reason for quitting. Because Claimant did not participate in the hearing, he offered no testimony to show that he exhausted all avenues in an attempt to remain employed. Claimant appealed and asserted that he had lost his house and had to relocate due to Employer's failure to pay him. He was "forced out of [his] job" because he would have to "do 15-16 hour days" "including driving to keep employment[,]" which was "not possible[.]" C.R. 204-05.

2

In affirming the Referee's decision to deny benefits, the Board adopted the Referee's findings of fact and conclusions of law. The Board explained that because Claimant did not appear at the Referee's hearing to testify under oath, the Board could not "consider his version of the events." Board Adjudication at 1. Claimant then petitioned for this Court's review.

On appeal,[2] Claimant argues that the Board erred in denying him "[w]orkers' [c]ompensation benefits."[3] Claimant Brief at 1. He claims that he sustained a work-related injury on June 11, 2023, which resulted in a concussion that "required medical treatment and a temporary leave of absence from work." Claimant Brief at 1. Claimant argues that the Board ignored the "medical records, testimony, and a report from his treating physician that his injuries were directly related to his employment with [Employer.]" *Id*. at 2.

---

[2] Our review determines whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact are supported by substantial evidence. *Miller v. Unemployment Compensation Board of Review*, 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014). "[T]he Board is the ultimate factfinder and has the discretion to resolve matters of credibility and evidentiary conflicts, which this Court may not reverse on appeal when supported by substantial evidence." *Chiccitt v. Unemployment Compensation Board of Review*, 842 A.2d 540, 542 (Pa. Cmwlth. 2004).

[3] Claimant raises the following two issues in his brief:

> 1. Whether the Unemployment Compensation Board of Review erred in denying Workers' Compensation benefits to the appellant, Stephen Hardnock, based on the facts presented.
>
> 2. Whether the decision of the Board was in violation of applicable workers' compensation statutes and regulations under the Pennsylvania Workers' Compensation Act[, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.]

Claimant Brief at 1.

3

Claimant offers no argument related to the Board's denial of his unemployment compensation benefits.[4] "Issues raised in the petition for review, but not briefed, are waived." *Downey v. Unemployment Compensation Board of Review*, 913 A.2d 351, 353 n.2 (Pa. Cmwlth. 2006).

In any event, Section 402(b) of the Law states, in relevant part, that "[a]n employe shall be ineligible for compensation for any week . . . (b) [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature[.]" 43 P.S. §802(b). An employee bears the burden of proving that "1) circumstances existed which produced real and substantial pressure to terminate employment; 2) like circumstances would compel a reasonable person to act in the same manner; 3) [he] acted with ordinary common sense; and 4) [he] made a reasonable effort to preserve [his] employment." *First Federal Savings Bank v. Unemployment Compensation Board of Review*, 957 A.2d 811, 816 (Pa. Cmwlth. 2008) (quoting *Central Dauphin School District v. Unemployment Compensation Board of Review*, 893 A.2d 831, 832 (Pa. Cmwlth. 2006)). Lack of work, perpetual layoffs, and drastic reductions in hours are examples of necessitous and compelling reasons to terminate one's employment. *Staub v. Unemployment Compensation Board of Review*, 673 A.2d 434, 437 (Pa. Cmwlth. 1996). Whether one has a necessitous and compelling reason to quit is the ultimate conclusion drawn from the underlying factual findings and, as such, is subject to appellate review. *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829, 832 (Pa. 1977).

---

[4] It seems that Claimant is confusing the proceedings to determine his eligibility for unemployment compensation benefits with the proceedings to determine his eligibility for workers' compensation benefits. Claimant's challenge to the denial of his workers' compensation benefits should be brought to the Workers' Compensation Appeal Board. *See* https://www.pa.gov/agencies/dli/programs-services/workers-compensation/workers-comp-appeal-board (last visited April 7, 2026).

4

In *Quality Building Services, Inc. v. Unemployment Compensation Board of Review*, 498 A.2d 1 (Pa. Cmwlth. 1985), the employer, a janitorial service provider, lost its client in Latrobe and offered the claimant similar work at a different site. The claimant refused because the new site was 20 miles farther from her home than the Latrobe location. The claimant refused another offer for work at another site because that was 8 miles farther from her home than was the Latrobe location. The Board granted the claimant unemployment compensation benefits after concluding that she demonstrated necessitous and compelling cause for voluntarily terminating her employment. On appeal, this Court vacated the Board's adjudication. We held that "[t]ransportation inconvenience may justify a voluntary quit only if it presents an insurmountable barrier to further employment despite an employee's reasonable efforts to remedy it." *Id.* at 2. There, the Board relied "solely upon [the] claimant's bare assertion that an increased commuting distance is overly burdensome." *Id*. at 3. The Court remanded the case to the Board for consideration of factors including both the claimant's efforts to overcome the commuting problem and the cost of the commute to the claimant.

Here, Claimant did not testify at the Referee hearing. Based on Myers' testimony, the Referee found that Claimant resigned from his employment due to his relocation; he did not request a transfer to another store of Employer's; and continuing work was available to Claimant. Referee Decision at 2. The record contains no evidence on what effect the move had on his employment or what efforts he had made to stay employed. We conclude that the Board properly denied Claimant unemployment compensation benefits.

5

For all of the foregoing reasons, we affirm the Board's October 23, 2024, adjudication.

                                        _____

MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen Hardnock,       :
      Petitioner       :
      :
      v.       :     No. 1729 C.D. 2024
      :
Unemployment Compensation       :
Board of Review,       :
      Respondent       :

# **O R D E R**

AND NOW, this 8th day of April, 2026, the adjudication of the Unemployment Compensation Board of Review, dated October 23, 2024, in the above-captioned matter, is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita