# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert E. Michael,                          :
                                            :
                    Petitioner              :
                                            :
            v.                              :    No. 998 C.D. 2015
                                            :
Unemployment Compensation                   :    Submitted: November 13, 2015
Board of Review,                            :
                                            :
                    Respondent              :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MARY HANNAH LEAVITT, Judge[1]
           HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**                 **FILED: March 9, 2016**


Robert E. Michael (Claimant), pro se, petitions for review of a May 6, 2015 Order of the Unemployment Compensation (UC) Board of Review (Board) finding Claimant ineligible for UC benefits pursuant to Section 402(b) of the UC Law (Law)[2] because he voluntarily left his employment with Pittsburgh Protection Services (Employer) on January 7, 2015 without cause of a necessitous and

---

[1] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. § 802(b). Section 402(b) provides that an employee is ineligible for UC benefits for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." Id.

compelling nature. On appeal,[3] Claimant argues that the Board erred by: (1) finding that Claimant did not have proper cause for his nonappearance at the March 3, 2015 consolidated Referee hearing; and (2) concluding that Claimant did not have cause of a necessitous and compelling nature to walk away from his job on January 7, 2015.[4] Discerning no error, we affirm.

---

[3] "Claimant had two [] appeals pending before the Board at appeal numbers B-15-09-C-1920 and B-15-09-G-0932" for two different separations from Employer, this one from January 7, 2015 and a second, which occurred on December 15, 2014. (Board's 997 C.D. 2015 Br. at 3 n.4.) "In issuing its adjudications, the Board inadvertently transposed the appeal numbers, resulting in the findings of fact [not matching the discussion and compensable] week ending dates listed in the adjudication headers. Claimant appealed both adjudications." (Board's 997 C.D. 2015 Br. at 3 n.4.) The error was not discovered "until after Claimant had filed [and served] his briefs. On the Board's motion to consolidate these matters, Senior Judge Quigley ordered the appealed adjudications [] be switched." (Board's 997 C.D. 2015 Br. at 3 n.4.) Senior Judge Quigley found that "the appeal at 997 C.D. 2015 [is] deemed to be an appeal of the Board's decision relating to the December 15, 2014 separation, and should correctly be identified as Appeal No. B-15-09-G-0932." Robert E. Michael v. Unemployment Compensation Board of Review, (Pa. Cmwlth., Nos. 997 and 998 C.D. 2015, filed October 6, 2015) (single judge op.). The companion "[a]ppeal at 998 C.D. 2015 [is] deemed to be from the Board's decision relating to the January 7, 2015 separation, and should correctly be identified as Appeal No. B-15-09-C-1920." Id. In light of Senior Judge Quigley's Order, it follows that the file for 997 C.D. 2015 contains the record for 998 C.D. 2015, and the file for 998 C.D. 2015 contains the record for 997 C.D. 2015. Additionally, the Board's briefs must be switched as the brief for 997 C.D. 2015 addresses Claimant's January 7, 2015 separation and the 998 C.D. 2015 brief addresses Claimant's December 15, 2014 separation. Finally, certain portions of "Claimant's briefs must also be switched to ensure that his arguments are consistent with the facts of the applicable appeal numbers." (Board's 997 C.D. 2015 Br. at 3 n.4.) We will specifically cite to the appropriate document by the identifier listed thereon, i.e., "Claimant's 998 C.D. 2015 Br. at __."

[4] In his brief, Claimant also argues that "[i]t was not clear from the Board's Opinion which title they were referring to" because "section 402 of the Unemployment Compensation Law, 43 P.S. [§] 402, does not exist." (Claimant's 997 C.D. 2015 Br. at 8.) However, the Section 402(b) the Board relied upon corresponds to 43 P.S. § 802(b).

2

Claimant was employed by Employer as a part-time security guard from January 3 through January 7, 2015, until "[he] did not return to work after January 7, 2015." (Board Decision, Appeal No. B-15-09-G-0932, Findings of Fact (FOF) ¶¶ 1-2.) Claimant filed a claim for UC benefits, stating that he was discharged by Employer because he would not agree to work a new schedule provided to him on January 7, 2015, which he claims was different than what had been previously agreed upon by him and Employer's President on January 2, 2015. (Claimant Questionnaire, January 27, 2015.)[5] Employer responded that Claimant quit work on December 15, 2014 after he was allegedly bullied by high school students, he came back to work for a week in January, and he walked off the job for a second time.[6] (Employer Questionnaire, January 28, 2015.)

The Erie UC Service Center (Service Center) issued a Notice of Determination finding Claimant eligible for UC benefits beginning with the compensable week ending January 17, 2015. (Notice of Determination, February 9, 2015.) The Service Center determined that "Claimant was discharged for not

---

[5] Claimant did not submit a reproduced record with his brief. Rule 556 of the Pennsylvania Rules of Appellate Procedure provides that "[a] claimant-appellant in an unemployment compensation matter may proceed in forma pauperis without applying for leave to do so." Pa. R.A.P. 556. Rule 2151(b) of the Pennsylvania Rules of Appellate Procedure provides that a party proceeding in forma pauperis need not provide a reproduced record. Pa. R.A.P. 2151(b). Because the certified record in this case is not organized correctly, see note 3, citations to the certified record appear, in the first instance, by reference to the date filed or mailed.

[6] This is the companion appeal to Appeal No. 997 C.D. 2015. The previous alleged bullying incident, which led to Claimant's walking off the job for a second time on January 7, 2015, occurred on December 15, 2014. (Employer Record of Oral Interview, February 6, 2015.)

3

agreeing to work a new schedule," and also that "Claimant denied being involved in the incident that caused the separation."[7]  (Notice of Determination.) The Service Center concluded that "Employer did not provide information to show that the Claimant was involved in the incident that caused the separation," therefore, Employer failed to sustain its burden of proof under Section 402(e) of the Law.[8] (Notice of Determination.)

Employer appealed the Service Center's Determination and the matter was assigned to a UC Referee (Referee) for a hearing to be held on March 3, 2015. (Notice of Hearing, February 19, 2015.)  At the hearing, Employer presented the testimony of one witness, the owner of Employer (Owner), before the Referee. (Hr'g Tr. at 1, March 3, 2015.)  Claimant received one notice of the March 3, 2015 hearing, but failed to attend.  (FOF ¶ 3.)

At the hearing, Owner testified as follows.  Claimant returned to work for the week of January 3, 2015 through January 7, 2015, after he previously walked off the job on December 15, 2014. (Hr'g Tr. at 7.)  Owner had a meeting with Claimant either before or right after Christmas to discuss his options on coming back to work in the same part-time fill-in role at the high school, or under the same circumstances as when he was hired, because Claimant asked to come back to work.  (Hr'g Tr. at 8-9.)  Owner then agreed with Claimant, per his request, that if

---

[7] It is unclear which incident the Service Center is referring to, but given our disposition in this case, it is immaterial.

[8] Section 402(e) provides that an employee is ineligible for UC benefits for any week "[i]n which his unemployment is due to discharge or temporary suspension from work for willful misconduct connected with his work."  43 P.S. § 402(e).

4

a full-time position became available at the middle school, where Claimant preferred to work, Employer would discuss the option of moving Claimant to the middle school. (Hr'g Tr. at 8.)

Owner stated that Claimant's reason for walking off the job the second time was that "[Claimant] didn't feel that the hours that were being provided to him [were] accommodating his schedule." (Hr'g Tr. at 8.) Claimant wanted a set schedule; however, those were not the terms agreed upon when Claimant was hired. (Hr'g Tr. at 8.) Claimant's role was to fill in at the high school and for other open shifts when other employees called off. (Hr'g Tr. at 8.) When Owner made Claimant aware of the new days Claimant would be working, "[Claimant] refused and never showed back up." (Hr'g Tr. at 9.) Owner denied the existence of any agreement with Claimant pertaining to a set work schedule at the middle school, but acknowledged his agreement with Claimant that if a full-time position opened up at the middle school, they would discuss moving Claimant there. (Hr'g Tr. at 9-10.)

Upon review of the evidence, the Referee reversed the Service Center's Determination and found Claimant ineligible for benefits pursuant to Section 402(b) of the Law. (Referee Decision at 3, March 3, 2015.) The Referee found that Claimant had been properly notified of the hearing, yet he failed to attend. (Referee Decision at 2.) The Referee credited Employer's testimony that the Claimant was hired on a part-time fill-in basis only. (Referee Decision at 3.) Based on Employer's evidence, the Referee concluded that "[Claimant] resigned because of the hours and locations he was scheduled to work." (Referee Decision

5

at 2.) Accordingly, the Referee determined that Claimant left work voluntarily and, therefore, the case should be reviewed in accordance with Section 402(b) of the Law, and not Section 402(e) of the Law.[9] (Referee Decision at 2.) Given that Claimant failed to attend the hearing, the Referee held that "the record does not support a conclusion that employer made a unilateral change in the employment agreement and the claimant has not demonstrated other circumstances that [] would justify an award of UC benefits." (Referee Decision at 3.)

Claimant filed a timely appeal to the Board. On appeal to the Board, Claimant argued that he was confused about when the hearing was held because he was involved in two cases simultaneously and received four hearing notices listing different dates. Claimant also contends that he had a necessitous and compelling reason to leave his employment because Employer broke their agreement that he would only work one day at the high school. The Board made the following findings of fact:

> 1. Pittsburgh Protection Services employed the claimant from January 3 through January 7, 2015, as a part-time security guard earning $9.00 per hour.
>
> 2. The claimant did not return to work after January 7, 2015.
>
> 3. The claimant received notice of the March 3, 2015, hearing in this matter.

---

[9] The hearing notice indicated that Section 402(b) was another issue that could be considered at the referee hearing. (Notice of Hearing, February 19, 2015.)

(Board Decision, Appeal No. B-15-09-G-0932, FOF ¶¶ 1-3.) Based on these findings, the Board affirmed the Referee's Decision and found Claimant ineligible for UC benefits under Section 402(b) of the Law. (Board Decision, Appeal No. B-15-09-C-1920, at 2.) The Board concluded that "[Claimant's] negligent reading of the [hearing] notice [was] not proper cause for his nonappearance at the hearing." (Board Decision, Appeal No. B-15-09-C-1920, at 1.) In its discussion, the Board determined that Claimant timely received the only notice sent pertaining to this appeal, which "stated the hearing was to be held [on] March 3, 2015." (Board Decision, Appeal No. B-15-09-C-1920, at 2.) The Board further concluded that, because "[t]he record contain[ed] no firsthand evidence" supporting his claim for benefits, Claimant did not meet his burden of proving a necessitous and compelling reason for voluntarily leaving his employment. (Board Decision, Appeal No. B-15-09-C-1920, at 1-2.) Claimant now petitions this Court for review.

This Court's scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact were supported by substantial evidence. Johns v. Unemployment Compensation Board of Review, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth.), petition for allowance of appeal denied, 97 A.3d 746 (Pa. 2014). In UC cases, the Board is the ultimate factfinder and, its findings are conclusive on appeal, even if there is conflicting testimony or evidence of a contrary conclusion, as long as its findings are supported by substantial evidence. Middletown Township v. Unemployment Compensation Board of Review, 40 A.3d 217, 223 (Pa. Cmwlth. 2012). "Substantial evidence is such relevant evidence which a reasonable mind might accept as adequate to support a conclusion." American

General Life and Accident Insurance Company v. Unemployment Compensation Board of Review, 648 A.2d 1245, 1248 (Pa. Cmwlth. 1994). "This Court is bound 'to examine the testimony in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony' to determine if substantial evidence exists for the Board's findings." Morgan v. Unemployment Compensation Board of Review, 108 A.3d 181, 185 (Pa. Cmwlth. 2015) (citing United States Banknote Co. v. Unemployment Compensation Board of Review, 575 A.2d 673, 674 (Pa. Cmwlth. 1990)).

On appeal, Claimant argues that he had proper cause for his nonappearance at the referee hearing because he received four hearing notices and "[e]ach [n]otice had a different hearing time and date." (Claimant's 998 C.D. 2015 Br. at 10.) Claimant contends that the Referee's office misled him by assuring him over the phone about the hearing date for his earlier separation, which occurred on December 15, 2014. Claimant argues that he missed the March 3, 2015 hearing because the Referee's office gave him the wrong information about the hearing for his earlier separation. Claimant also argues that he had a necessitous and compelling reason to quit his job. Claimant contends that he should be permitted to prove on appeal that he had a necessitous and compelling reason to quit his job because he missed the hearing and "[t]he Referee never got a chance to hear things from [his] view." (Claimant's 998 C.D. 2015 Br. at 10.)

We first address Claimant's assertion that he had proper cause for his nonappearance based on his confusion over the hearing notices and should be

8

given the opportunity to present his evidence before this Court. Pursuant to the Department of Labor and Industry's (Department) Regulations, the Board may remand a matter for the presentation of additional evidence if a claimant who did not attend a scheduled hearing subsequently gives timely written notice to the Board and the Board determines that the claimant had "proper cause" for not attending. 34 Pa. Code § 101.24(a), (c).[10] "We have held that not receiving or not timely receiving a hearing notice can constitute 'proper cause' for reopening a hearing." Volk v. Unemployment Compensation Board of Review, 49 A.3d 38, 40 (Pa. Cmwlth. 2012). However, we have also held that "a party's own negligence is not sufficient 'good cause' as a matter of law for failing to appear at a Referee's hearing." Eat'n Park Hospitality Group, Inc. v. Unemployment Compensation Board of Review, 970 A.2d 492, 494 (Pa. Cmwlth. 2008); Savage v. Unemployment Compensation Board of Review, 491 A.2d 947, 950-51 (Pa. Cmwlth. 1985) (stating that "[c]laimant's own negligence [in misreading the timely received hearing notice] was the sole cause of his not appearing at . . . the referee's hearing" and that "[his] own negligence is insufficient 'proper cause,' as

---

[10] The request to reopen the hearing must be made expeditiously. According to Section 101.24(c) of the Department's Regulations:

> A request for reopening the hearing which is not received before the decision was mailed, but is received or postmarked on or before the 15th day after the decision of the referee was mailed to the parties shall constitute a request for further appeal to the Board and a reopening of the hearing, and the Board will rule upon the request.

34 Pa. Code § 101.24(c). The Referee's decision was mailed to Claimant on March 3, 2015. Claimant's Petition for Appeal, containing a request to reopen the hearing was received by the Department on March 12, 2015, well within the fifteen day time period.

9

a matter of law, to justify his failure to appear at a referee's hearing and warrant a new hearing.").

Here, Claimant received one "Notice of Hearing" for the appeal regarding his January 7, 2015 separation, which set forth the hearing date and time as Tuesday, March 3, 2015 at 11:15 a.m. Claimant received four hearing notices, but only one of those notices related to the instant matter. The other three notices related to his other claim for UC benefits. Claimant's failure to read and understand the clear hearing notice related to his January 7, 2015 separation, or to call the referee's office at the phone number on the hearing notice to clarify the date, was due to his own negligence. Accordingly, we conclude that Claimant lacked proper cause for failing to appear at the March 3, 2015 hearing.

Since Claimant voluntarily left his employment,[11] it was his burden to show that he had cause of a necessitous and compelling nature to do so. Latzy v. Unemployment Compensation Board of Review, 487 A.2d 121, 122 (Pa. Cmwlth. 1985). To satisfy this burden, Claimant must demonstrate that: "(1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and, (4) the claimant made a

---

[11] Claimant contends that he was "fired" by Employer on account of Employer's alleged statement that if Claimant could not work the schedule, he would be "done." (Claimant's 998 C.D. 2015 Br. at 9-10.) Where an employer gives an employee the option of staying or leaving, and the employee leaves, it is considered a voluntary quit. Stugart v. Unemployment Compensation Board of Review, 85 A.3d 606, 613 (Pa. Cmwlth. 2014). Here, Claimant was given the choice to either work the new schedule, or to leave and be done with his employment. Claimant chose not to work the new schedule and to leave his job, therefore, he voluntarily quit.

reasonable effort to preserve [his] employment." Brunswick Hotel & Conference Center, LLC v. Unemployment Compensation Board of Review, 906 A.2d 657, 660 (Pa. Cmwlth. 2006). "Mere dissatisfaction with one's working conditions does not constitute cause of a necessitous and compelling nature for terminating one's employment." Id.

Where evidence supporting a party's position is not offered before the referee at the referee hearing, nor otherwise made a part of the certified record, the evidence cannot be considered by this Court on appeal. Rothstein v. Unemployment Compensation Board of Review, 114 A.3d 6, 10 (Pa. Cmwlth. 2015). Because there is no evidence in the record to support Claimant's contention that he had necessitous and compelling reasons to leave his employment, Claimant did not satisfy his burden.

For the foregoing reasons, the Board's Order is affirmed.

_____
**RENÉE COHN JUBELIRER, Judge**

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert E. Michael,             :
                                              :
                   Petitioner    :
                                              :
                v.                :   No. 998 C.D. 2015
                                              :
Unemployment Compensation   :
Board of Review,             :
                                            :
                  Respondent   :

## O R D E R

**NOW**, March 9, 2016, the Order of the Unemployment Compensation Board of Review relating to Appeal No. 998 C.D. 2015 addressing Robert E. Michael's January 7, 2015 separation from employment, entered in the above-captioned matter, is hereby **AFFIRMED**.

                                  _____

                                  **RENÉE COHN JUBELIRER, Judge**