# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Robert E. Michael, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 997 C.D. 2015 |
| | : | |
| Unemployment Compensation | : | Submitted: November 13, 2015 |
| Board of Review, | : | |
| | : | |
| Respondent | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                    HONORABLE MARY HANNAH LEAVITT, Judge[1]
                    HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**                    **FILED: March 9, 2016**


Robert E. Michael (Claimant), pro se, petitions for review of a May 6, 2015 Order of the Unemployment Compensation (UC) Board of Review (Board) finding Claimant ineligible for UC benefits pursuant to Section 402(b) of the UC Law (Law)[2] because he voluntarily left his employment with Pittsburgh Protection Services (Employer) on December 15, 2014 without cause of a necessitous and

---

[1] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. § 802(b). Section 402(b) provides that an employee is ineligible for UC benefits for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." Id.

compelling nature. On appeal,[3] Claimant argues that the Board erred by: (1) finding that Claimant did not have proper cause for his nonappearance at the March 3, 2015 consolidated Referee hearing;[4] and (2) concluding that there was no evidence supporting Claimant's contention that he had a necessitous and compelling reason to voluntarily leave his employment on December 15, 2014.[5] Discerning no error, we affirm.

---

[3] "Claimant had two [] appeals pending before the Board at appeal numbers B-15-09-C-1920 and B-15-09-G-0932" for two different separations from Employer, this one from December 15, 2014 and a second occurring on January 7, 2015. (Board's 998 C.D. 2015 Br. at 3 n.3.) "In issuing its adjudications, the Board inadvertently transposed the appeal numbers, resulting in the findings of fact [not matching the discussion and compensable] week ending dates listed in the adjudication headers. Claimant appealed both adjudications." (Board's 998 C.D. 2015 Br. at 3 n.3.) The error was not discovered "until after Claimant had filed [and served] his briefs. On the Board's motion to consolidate these matters, Senior Judge Quigley ordered the appealed adjudications [] be switched." (Board's 998 C.D. 2015 Br. at 3 n.3.) Senior Judge Quigley found that "the appeal at 997 C.D. 2015 [is] deemed to be an appeal of the Board's decision relating to the December 15, 2014 separation, and should correctly be identified as Appeal No. B-15-09-G-0932." Robert E. Michael v. Unemployment Compensation Board of Review, (Pa. Cmwlth., Nos. 997 and 998 C.D. 2015, filed October 6, 2015) (single judge op.). The companion "[a]ppeal at 998 C.D. 2015 [is] deemed to be from the Board's decision relating to the January 7, 2015 separation, and should correctly be identified as Appeal No. B-15-09-C-1920." Id. In light of Senior Judge Quigley's Order, it follows that the file for 997 C.D. 2015 contains the record for 998 C.D. 2015, and the file for 998 C.D. 2015 contains the record for 997 C.D. 2015. Additionally, the Board's briefs must be switched as the brief for 997 C.D. 2015 addresses Claimant's January 7, 2015 separation and the 998 C.D. 2015 brief addresses Claimant's December 15, 2014 separation. Finally, certain portions of "Claimant's briefs must also be switched to ensure that his arguments are consistent with the facts of the applicable appeal numbers." (Board's 998 C.D. 2015 Br. at 3 n.3.) We will specifically cite to the appropriate document by the identifier listed thereon, i.e., "Claimant's 997 C.D. 2015 Br. at __."

[4] This argument is from Claimant's 998 C.D. 2015 brief, which addresses the multiple hearing notices received regarding this appeal, 997 C.D. 2015, pertaining to the December 15, 2014 separation.

[5] In his brief, Claimant also argues that "[i]t was not clear from the Board's Opinion which title they were referring to" because "section 402 of the Unemployment Compensation

*(Continued…)*

2

Claimant was employed by Employer as a part-time security guard from October 17, 2014 until he "walked off the job and quit" on December 15, 2014. (Board Decision, Appeal No. B-15-09-C-1920, Findings of Fact (FOF) ¶¶ 1-2.) Claimant filed a claim for UC benefits, stating that he did not quit his job, but was "fired" by Employer because he left his job due to safety concerns. (Claimant Questionnaire, January 21, 2015; Claimant Record of Oral Interview, January 27, 2015.)[6] Employer responded that Claimant voluntarily quit his job "with no excuse or follow[-]up with [Employer]." (Employer Questionnaire, January 23, 2015.)

The Indiana UC Service Center (Service Center) issued a Notice of Determination finding Claimant eligible for UC benefits beginning with the compensable week ending December 27, 2014, pursuant to Section 402(b) of the Law. (Notice of Determination, February 2, 2015.) The Service Center determined that "Claimant voluntarily quit [due to] safety concerns"; however, because "[t]here were no [] alternatives [available] for the Claimant to resolve the situation," Claimant met his burden of proving that he had a necessitous and compelling reason for quitting. (Notice of Determination.)

---

Law, 43 P.S. [§] 402, does not exist." (Claimant's 997 C.D. 2015 Br. at 8.) However, the Section 402(b) the Board relied upon corresponds to 43 P.S. § 802(b).

[6] Claimant did not submit a reproduced record with his brief. Rule 556 of the Pennsylvania Rules of Appellate Procedure provides that "[a] claimant-appellant in an unemployment compensation matter may proceed in forma pauperis without applying for leave to do so." Pa. R.A.P. 556. Rule 2151(b) of the Pennsylvania Rules of Appellate Procedure provides that a party proceeding in forma pauperis need not provide a reproduced record. Pa. R.A.P. 2151(b). Because the certified record in this case is not organized correctly, see note 3, citations to the certified record appear, in the first instance, by reference to the date filed or mailed.

Employer appealed the Service Center's Determination and the matter was assigned to a UC Referee (Referee) for a hearing to be held on March 6, 2015. (Notice of Hearing, February 20, 2015.) After realizing Claimant had another hearing scheduled for March 3, 2015, regarding a later separation from Employer, the Referee notified Claimant, in separate notices, that the March 6, 2015 hearing was continued and rescheduled for March 3, 2015. (Notice of Hearing – Other – Revised, February 23, 2015; Notice of Continuance of Hearing, February 23, 2015.) At the hearing on March 3, 2015, Employer presented the testimony of one witness, the owner of Employer (Owner), before the Referee. (Hr'g Tr. at 1, March 3, 2015.) Claimant received the hearing notices, including the revised notice scheduling the hearing for March 3, 2015, but did not attend. (FOF ¶ 3.)

At the hearing, Owner testified that Claimant worked only one half hour on December 15, 2014 before walking off the job. (Hr'g Tr. at 7.) Owner further testified that Claimant only mentioned that "he had a verbal confrontation with [a] child," that he got upset, and "decided he didn't want to be there anymore . . . and left." (Hr'g Tr. at 9.) Upon review of the evidence, the Referee reversed the Service Center's Determination and found Claimant ineligible for benefits pursuant to Section 402(b) of the Law. (Referee Decision at 3, March 3, 2015.) The Referee found that Claimant had been properly notified of the hearing, yet he still did not attend. (Referee Decision at 2.) The Referee concluded that because "the claimant failed to participate in the hearing, there is no competent evidence in the record to demonstrate that he was threatened or harmed on December 15, 201[4] or at any point thereafter." (Referee Decision at 3.) Based on Employer's evidence, the Referee found that Claimant was hired as a "fill-in" employee who worked as

4

needed at the high school and that the record does not support a conclusion that Claimant is entitled to benefits under Section 402(b) of the Law. (Referee Decision at 3.)

Claimant filed a timely appeal to the Board. On appeal to the Board, Claimant argued that he was confused about when the hearing was held because he received four hearing notices listing two different hearing dates. (Claimant's Petition for Appeal from Referee's Decision, R. Item 12.) Three of the notices pertained to this appeal regarding his December 15, 2014 separation from Employer, and one pertained to the appeal of his later separation from Employer on January 7, 2015. In his Petition for Appeal to the Board, Claimant asserted that he called the Referee's office on March 5, 2015 to confirm the hearing date and time and was told the hearing was on March 6, 2015 at 9:00 AM. (Claimant's Petition for Appeal from Referee's Decision, R. Item 12.) Claimant then became confused when he showed up for the hearing on March 6, 2015 only to learn that the hearing had already taken place on March 3, 2015. Claimant also argued, on the merits, that, because he was afraid for his safety, he had a necessitous and compelling reason to voluntarily leave his employment. Upon review, the Board made the following findings of fact:

> 1. Pittsburgh Protection Services employed the claimant from October 17, 2014 through December 15, 2014, as a part-time security guard earning $9.00 per hour.
>
> 2. On December 15, 2014, the claimant walked off the job and quit.
>
> 3. The claimant received notice of the March 3, 2015, hearing in this matter.

5

(Board Decision, Appeal No. B-15-09-C-1920, FOF ¶¶ 1-3.) The Board affirmed the Referee's Decision and concluded that "[Claimant's] negligent reading of the [revised hearing] notice [was] not proper cause for his nonappearance at the hearing." (Board Decision, Appeal No. B-15-09-G-0932, at 1.) In its discussion, the Board determined that Claimant timely received three hearing notices pertaining to this appeal, which "stated, chronologically, (1) the hearing was scheduled for March 6, 2015; (2) the March 6, 2015, hearing will be rescheduled; and (3) the hearing was rescheduled for March 3, 2015." (Board Decision, Appeal No. B-15-09-G-0932, at 1.) Furthermore, the Board concluded that because "[t]he record contain[ed] no firsthand evidence" supporting his claim, Claimant failed to meet his burden of proving a necessitous and compelling reason for voluntarily leaving his employment as required by Section 402(b) of the Law. (Board Decision, Appeal No. B-15-09-G-0932, at 1-2.) Claimant now petitions this Court for review.

This Court's scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact were supported by substantial evidence. Johns v. Unemployment Compensation Board of Review, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth.), petition for allowance of appeal denied, 97 A.3d 746 (Pa. 2014). In UC cases, the Board is the ultimate factfinder and, its findings are conclusive on appeal, even if there is conflicting testimony or evidence of a contrary conclusion, as long as its findings are supported by substantial evidence. Middletown Township v. Unemployment Compensation Board of Review, 40 A.3d 217, 223 (Pa. Cmwlth. 2012). "Substantial evidence is such relevant evidence which a

6

reasonable mind might accept as adequate to support a conclusion." American General Life and Accident Insurance Company v. Unemployment Compensation Board of Review, 648 A.2d 1245, 1248 (Pa. Cmwlth. 1994). "This Court is bound 'to examine the testimony in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony' to determine if substantial evidence exists for the Board's findings." Morgan v. Unemployment Compensation Board of Review, 108 A.3d 181, 185 (Pa. Cmwlth. 2015) (citing United States Banknote Co. v. Unemployment Compensation Board of Review, 575 A.2d 673, 674 (Pa. Cmwlth. 1990)).

On appeal, Claimant argues that he had proper cause for his nonappearance because he received four hearing notices and "[e]ach [n]otice had a different hearing time and date." (Claimant's 998 C.D. 2015 Br. at 10.) Claimant contends that the Referee's office misled him by assuring him over the phone that the hearing on his December 15, 2014 separation would be held on March 6, 2015. Claimant argues that he missed the March 3, 2015 hearing because the Referee's office gave him the wrong information. Claimant also argues that he had a necessitous and compelling reason to quit his job. Claimant contends that he should be permitted to prove on appeal that he had a necessitous and compelling reason to quit his job because he missed the hearing and "[t]he Referee never got a chance to hear things from [his] view." (Claimant's 998 C.D. 2015 Br. at 10.)

We first address Claimant's assertion that he had proper cause for his nonappearance based on his confusion over the hearing notices and should be

given the opportunity to present his evidence before this Court. Pursuant to the Department of Labor and Industry's (Department) Regulations, the Board may remand a matter for the presentation of additional evidence if a claimant who did not attend a scheduled hearing subsequently gives timely written notice to the Board and the Board determines that the claimant had "proper cause" for not attending. 34 Pa. Code § 101.24(a), (c).[7] "We have held that not receiving or not timely receiving a hearing notice can constitute 'proper cause' for reopening a hearing." Volk v. Unemployment Compensation Board of Review, 49 A.3d 38, 40 (Pa. Cmwlth. 2012). However, we have also held that "a party's own negligence is not sufficient 'good cause' as a matter of law for failing to appear at a Referee's hearing." Eat'n Park Hospitality Group, Inc. v. Unemployment Compensation Board of Review, 970 A.2d 492, 494 (Pa. Cmwlth. 2008); Savage v. Unemployment Compensation Board of Review, 491 A.2d 947, 950-51 (Pa. Cmwlth. 1985) (stating that "[c]laimant's own negligence [in misreading the timely received hearing notice] was the sole cause of his not appearing at . . . the referee's hearing" and that "[his] own negligence is insufficient 'proper cause,' as

---

[7] The request to reopen the hearing must be made expeditiously. According to Section 101.24(c) of the Department's Regulations:

> A request for reopening the hearing which is not received before the decision was mailed, but is received or postmarked on or before the 15th day after the decision of the referee was mailed to the parties shall constitute a request for further appeal to the Board and a reopening of the hearing, and the Board will rule upon the request.

34 Pa. Code § 101.24(c). The Referee's decision was mailed to Claimant on March 3, 2015. Claimant's Petition for Appeal, containing a request to reopen the hearing was received by the Department on March 12, 2015, well within the fifteen day time period.

8

a matter of law, to justify his failure to appear at a referee's hearing and warrant a new hearing.").

Here, Claimant received notice that the hearing on his appeal based on his December 15, 2014 separation was rescheduled to March 3, 2015. Although Claimant states that he was misled about the hearing date because the Referee's office confirmed the March 6th hearing date, he admitted in his appeal to the Board that he did not call the Referee's office until March 5, 2015 to see if the hearing was still scheduled for March 6, 2015. (Claimant's Petition for Appeal from Referee's Decision, R. Item 12.) Even if the Referee's office was incorrect about the hearing date when Claimant called, he did not call until after the earlier hearing date due to his negligent misreading of the hearing notices and his failure to seek clarification prior to March 3, 2015, the earlier of the two hearing dates. Accordingly, we conclude that Claimant lacked proper cause for failing to appear at the March 3, 2015 hearing.

Since Claimant voluntarily left his employment,[8] it was his burden to show that he had cause of a necessitous and compelling nature to do so. Latzy v. Unemployment Compensation Board of Review, 487 A.2d 121, 122 (Pa. Cmwlth.

_____

[8] Claimant contends that he was "fired" by Employer on account of Employer's statement that "if you leave to go home, then you are done." (Claimant's 997 C.D. 2015 Br. at 9-10.) Where an employer gives an employee the option of staying or leaving, and the employee leaves, it is considered a voluntary quit. Stugart v. Unemployment Compensation Board of Review, 85 A.3d 606, 613 (Pa. Cmwlth. 2014). Here, Claimant was given the choice to either stay at the high school to finish the remainder of his shift, or to leave and be done with his employment. Claimant chose not to finish the remainder of his shift and to leave his job, therefore, he voluntarily quit.

9

1985).  To satisfy this burden, Claimant must demonstrate that: "(1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and, (4) the claimant made a reasonable effort to preserve [his] employment."  Brunswick Hotel & Conference Center, LLC v. Unemployment Compensation Board of Review, 906 A.2d 657, 660 (Pa. Cmwlth. 2006).  "Mere dissatisfaction with one's working conditions does not constitute cause of a necessitous and compelling nature for terminating one's employment."  Id.

Where evidence supporting a party's position is not offered before the referee at the referee hearing, nor otherwise made a part of the certified record, the evidence cannot be considered by this Court on appeal.  Rothstein v. Unemployment Compensation Board of Review, 114 A.3d 6, 10 (Pa. Cmwlth. 2015).  Because there is no evidence in the record to support Claimant's contention that he had necessitous and compelling reasons to leave his employment, Claimant did not satisfy his burden.

For the foregoing reasons, the Board's Order is affirmed.

_____
**RENÉE COHN JUBELIRER, Judge**

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert E. Michael,                    :
                                      :
                    Petitioner        :
                                      :
          v.                          :   No. 997 C.D. 2015
                                      :
Unemployment Compensation             :
Board of Review,                      :
                                      :
                    Respondent        :

# **O R D E R**

    **NOW**, March 9, 2016, the Order of the Unemployment Compensation Board of Review relating to Appeal No. 997 C.D. 2015 addressing Robert E. Michael's December 15, 2014 separation from employment, is hereby **AFFIRMED**.

_____

**RENÉE COHN JUBELIRER, Judge**